UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CARLOS COLDON, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:25-cv-353 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| OFFICER HUNLEY, *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants.* | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 4, 2026, United States Magistrate Judge Christopher H. Steger issued a Report and Recommendation [Doc. 10] recommending that multiple of Plaintiff's claims be dismissed from this action. Plaintiff has timely objected to the Report and Recommendation. [Doc. 11]. For the following reasons, Plaintiff's Objections [Doc. 11] are **OVERRULED**, and the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation [Doc. 10].

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil rights action arising out of Defendants' alleged treatment of Plaintiff while he was an inmate at Bledsoe County Correctional Complex ("BCCC"). [Doc. 2 at 6]. Plaintiff is "[p]araplegic with specific pressure issues requiring padded equipment." [*Id.*]. Defendants, however, confiscated his "essential medical equipment (padded wheelchair, shower chair toilet [sic] seat" upon his arrival at BCCC. [*Id.* at 10–11, 14]. Without his medical equipment, Plaintiff's health began to deteriorate and eventually led to "severe, life-altering injuries and surgeries." [*Id.* at 4, 14]. Plaintiff alleges he submitted multiple "sick call requests to prevent pressure sores" that Defendants denied. [*Id.* at 6–10, 12–14]. Plaintiff claims that Defendants' conduct ultimately led

to the "[d]evelopment of severe pressure sores, resulting in hospitalization . . ., multiple surgeries, and the need for a permanent ostomy bag." [*Id.* at 6].

This pro se lawsuit followed. Through it, Plaintiff asserts two primary claims: (1) an Eighth Amendment violation under 42 U.S.C. § 1983 based on Defendants deliberate indifference to his serious medical needs and denial of medical care; and (2) a violation of the Americans with Disabilities Act ("ADA"). [*Id.* at 3, 10]. Plaintiff also filed a motion for leave to proceed *in forma pauperis* alongside his Complaint. [Doc. 1; *see also* Doc. 9]. As a result, 28 U.S.C. § 1915(e)(2) obligates the Court to screen this action and dismiss any portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds, Jones v. Bock*, 549 U.S. 199 (2007).

Magistrate Judge Steger performed the Section 1915 screening and concluded that a host of Plaintiff's claims should be dismissed. Specifically, Judge Steger recommends that Plaintiff's Eighth Amendment claims under 42 U.S.C. § 1983 against Officer Hunley and Warden Cobble, in their official capacities, BCCC, and the Tennessee Department of Corrections ("TDOC") should be dismissed with prejudice due to Eleventh Amendment Immunity, Plaintiff's Eighth Amendment *Monell* claims under § 1983 against "Centurion of TN/Centurion Medical Staff/Centurion Health" ("Centurion") be dismissed without prejudice, and Plaintiff's discrimination claim under the ADA be dismissed without prejudice. [Doc. 10 at 6]. Judge Steger further recommends that Plaintiff's Eighth Amendment claims under § 1983 against Officer Hunley, Warden Cobble, Nurse Emily, Nurse Terry, and Nurse Shelly, in their individual capacities, should survive screening.

Plaintiff has raised two objections to the Report and Recommendation. [Doc. 11]. Plaintiff argues that the Magistrate Judge erred in recommending dismissal of Plaintiff's ADA claim and

his § 1983 claims against Centurion. [*Id.*]. For the reasons described herein, Plaintiff's Objections are without merit.

## II. STANDARD OF REVIEW

A court must conduct a de novo review of those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (noting that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

As the Court has already noted, Plaintiff objects to the Report and Recommendation's conclusion that his ADA claim and claims against Centurion should be dismissed.[1] [*See* Docs. 10, 11]. The Court will analyze each in turn.

---

[1] As Plaintiff objects to only the recommended dismissal of his ADA claim and claims against Centurion, it is not necessary for the Court to conduct a de novo review of the recommended dismissal of Plaintiff's official capacity claims under § 1983. *See Thomas v. Arn*, 474 U.S. 140, 148–51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

*a. ADA Claim*

Plaintiff argues that the Magistrate Judge erred by "recharacterizing Plaintiff's [] ADA claim as a mere claim of 'inadequate medical treatment.'" [Doc. 11 at 1–2]. Plaintiff contends that the Complaint includes sufficient factual allegations "showing that Defendants actively created an equipment-based barrier to basic institutional life due to Plaintiff's physical disability." [*Id.*]. Plaintiff explains that Defendant's failure to accommodate him for his disability has resulted in his exclusion from basis services such as using the toilet or shower. [*Id.*].

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "The ADA applies to both federal and state prisons." *Mingus v. Butler*, 591 F.3d 474, 481–82 (6th Cir. 2010). As the Magistrate Judge correctly explained, a plaintiff asserting an ADA claim must allege that he was denied the benefit of a service, program, or activity "by reason of his disability." *Royster v. Mohr*, No. 11-cv-1163, 2013 U.S. Dist. LEXIS 30152, *23–24 (S.D. Ohio Mar. 6, 2013); [*see* Doc. 10 at 4]. Plaintiff must therefore allege that "he was excluded from participation in a program or activity, or otherwise treated differently, *because of his disability*." *Vick v. Core Civic*, 329 F. Supp. 3d 426, 443 (M.D. Tenn. 2018) (emphasis added).

Here, Plaintiff has failed to allege facts from which it is plausible to conclude that his medical equipment was confiscated and not replaced due to his disability. The gravamen of Plaintiff's Complaint is that he was not properly treated or permitted access to adequate medical equipment for his paraplegia, not that he was mistreated because of his paraplegia. *See Gimbrone v. Krisher*, No. 2:12-cv-251, 2013 U.S. Dist. LEXIS 50967 (S.D. Ohio Apr. 9, 2013) ("Instead, Mr. Gimbrone's claim focuses on the denial of access to equipment, namely a cane, that he claims

entitlement to by reason of a disability. These allegations alone do not give rise to an ADA claim."); *Vick v. Core Civic*, 329 F. Supp. 3d 426, 444 (M.D. Tenn. June 11, 2018) ("Simply stated, the bare allegation of inadequate medical care, even when made by a person with a serious disability, does not state a claim under the Rehabilitation Act."); *Royster*, 2013 U.S. Dist. LEXIS 30152, at *24 ("Here, Mr. Royster fails to plead facts suggesting that his TENS unit was confiscated and not replaced due to his alleged disability."). Such allegations do not form the basis of ADA claim.

Moreover "courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment but do not allege that the inmate was treated differently because of his or her disability." *Vick*, 329 F. Supp. 3d at 444. In a similar case, Judge Posner explained:

> [The ADA is] not . . . violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; [plaintiff] was not treated worse because he was disabled. His complaint is that he was not given special accommodation.... [H]e is not complaining of being excluded from some prison service, program, or activity, for example an exercise program that his paraplegia would prevent him from taking part in without some modification of the program. He is complaining about incompetent treatment of his paraplegia. The ADA does not create a remedy for medical malpractice.

*Id.* at 443 (quoting *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). Here, Plaintiff's allegations regarding inadequate medical care related to his disability and the effects that may have had on his prison life fall squarely under his Eight Amendment claims. *Vick*, 329 F. Supp. 3d at 444. They do not form the necessary allegations to support an ADA claim.

Accordingly, Plaintiff has failed to assert a viable ADA claim in his Complaint.

*b.* Monell *Claims Against Centurion*

The Magistrate Judge also recommends dismissal of Plaintiff's § 1983 claims against Centurion[2] because Plaintiff has failed to establish that it had an official policy or custom that caused his injury. Plaintiff argues that the Complaint "sets forth facts showing a systemic institutional custom of ignoring emergent medical requests." [Doc. 11 at 3–4]. The Court disagrees.

"Private corporations that perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting under color of state law." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014) (internal quotation omitted). But private corporations who are state actors may only be held liable under § 1983 for its "*own* illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). Accordingly, Plaintiff cannot recover against Centurion "for an injury inflicted solely by its employees or agents." *Monell,* 436 at 694. Instead, such claims, commonly referred to as *Monell* claims, require Plaintiff to show "an affirmative link between [Centurion's] policy or custom and the particular constitutional violation alleged." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Thus, to hold Centurion liable under *Monell*, "[P]laintiff must identify the policy, connect the policy to [Centurion] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and internal quotation marks omitted). A plaintiff may demonstrate *Monell* liability in any one of the four following ways:

> (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

[2] In line with the Magistrate Judge, the Court clarifies that its *Monell* liability analysis does not affect Plaintiff's claims against the individual nurses employed by Centurion.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted).

Here, Plaintiff asserts that there was a systemic pattern of violations and identifies "three separate medical alerts over a five-day period" that was rejected by Centurion employees. [Doc. 11 at 4]. Three incidents, however, are insufficient to allege a "'widespread, permanent, and well-settled'" custom. *Simpson v. City of Columbus*, No. 2:24-cv-4307, 2025 U.S. Dist. LEXIS 75353, at *16–17 (S.D. Ohio Apr. 21, 2025) (quoting *Wallace v. Coffee Cnty.*, 852 F.App'x 871, 876 (6th Cir. 2021) (six incidents not enough to establish a custom or policy)); *Peet v. City of Detroit*, 502 F.3d 557, 568 (6th Cir. 2007) (three instances of misconduct not enough to establish a custom or policy). Due to the lack of factual allegations in the Complaint, Plaintiff has failed to allege a pattern of constitutional violations.

And to the extent that Plaintiff is attempting to establish *Monell* liability under a deliberate indifference theory, it too fails. To demonstrate that a defendant acted with deliberate indifference, "a plaintiff must prove that the violation of a clearly established right was a 'known or obvious consequence' of the lack of training or supervision." *Gambrel v. Knox Cnty.*, 25 F.4th 391, 408 (6th Cir. 2022) (citations omitted). This burden is most often satisfied upon proof that the "municipality's employees engaged in a 'pattern of similar constitutional violations' separate from the conduct that harmed the plaintiff." *Id.* (citing *Connick*, 563 U.S. at 62). Absent such a pattern, and in a "narrow range of circumstances," a plaintiff may alternatively establish deliberate indifference through a single violation theory—that is, by relying solely on the instance of unconstitutional conduct involving the plaintiff. *Id.* (citing *Connick*, 563 U.S. at 63). The single violation theory requires "a showing that [the municipality] has failed to train its employees to handle recurring situations presenting an obvious potential for a constitutional violation." *Shadrick v. Hopkins Cnty.*, 805 F.3d 724, 738–39 (6th Cir. 2015) (internal quotation marks omitted).

Plaintiff does not point to any other instances of unconstitutional conduct beyond the instances that harmed him, so his failure to train claim must proceed under the single violation theory. Even under that theory, Plaintiff has not shown or alleged that Centurion's purported denial of medical equipment amounted to some failure on its part to train its employees. He has also fails to allege that the type of harm he experienced is a "recurring situation presenting an obvious potential for a constitutional violation." *Shadrick*, 805 F.3d at 738–39. In sum, Plaintiff has not supplied sufficient allegations to permit the Court to draw the reasonable inference that Centurion failed to adequately train its employees.

Accordingly, Plaintiff's § 1983 claims against Centurion must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Objections [Doc. 11] are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the findings of fact and conclusions of law set forth in the Report and Recommendation [Doc. 10], as further elaborated on in this Memorandum Opinion and Order. The Court **ORDERS** the following[3]:

1. Plaintiff's Eighth Amendment claims under 42 U.S.C. § 1983 against Officer Hunley and Warden Cobble, in their official capacities, BCCC, and TDOC be **DISMISSED WITH PREJUDICE** due to Eleventh Amendment Immunity. Therefore, Defendants BCCC and TDOC are hereby **DISMISSED** from this action.

2. Plaintiff's Eighth Amendment claims under 42 U.S.C. § 1983 against Officer Hunley, Warden Cobble, Nurse Emily, Nurse Terry, and Nurse Shelly, in their individual capacities, **SURVIVE SCREENING**.

3. Plaintiff's Eighth Amendment *Monell* claim under 42 U.S.C. § 1983 against Centurion be **DISMISSED WITHOUT PREJUDICE**. Therefore, Defendants Centurion of TN,

[3] The Magistrate Judge also recommended the Court order the Clerk of Court to issue service packets to Plaintiff to complete and return to the Clerk of Court. While the Report and Recommendation was pending, however, the Clerk of Court mailed service packets to Plaintiff, which he returned on September 2, 2026. [See Doc. 12]. Summons have since been issued for Defendants Officer Hunley, Warden Cobble, Nurse Emily, Nurse Terry, and Nurse Shelly. [Doc. 13].

Centurion Medical Staff, and Centurion Health are hereby **DISMISSED** from this action.

4. Plaintiff's discrimination claim under the ADA be **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**